IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTHONY TYRONE JOHNSON, TDCJ-CID No. 01958359, | § § § § § | |
| Plaintiff, | § | |
| v. | § | 2:16-CV-263-Z |
| KEITH GENTRY, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff ANTHONY TYRONE JOHNSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil rights complaint is DISMISSED.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is "frivolous,[1] malicious . . . fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly

relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see* 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit is brought with respect to prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint.[2] *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

## PLAINTIFF'S CLAIMS

At the time of filing this lawsuit, plaintiff was a prisoner incarcerated at the Texas Department of Criminal Justice (TDCJ) Neal Unit in Amarillo, Texas. By his complaint, plaintiff sues six individuals. (ECF No. 3). Plaintiff claims that he was in line to make a telephone call to family members when he dropped the phone and bent over to pick it up. Plaintiff claims that defendant Foley gave plaintiff a disciplinary charge for sexual misconduct without cause, based on this interaction.

As a result of the disciplinary charge, plaintiff was found guilty and given 45 days recreation restriction, 45 days commissary restriction, 30 days good-time, 45 days telephone restriction, and a suspension of contact visits. Plaintiff alleges his procedural and substantive due

---

incredible," not just to the level of the unlikely. *Booker*, 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g., Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Booker*, 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *Booker*, 2 F.3d at 116.

[2] A *Spears* hearing is a hearing in which a magistrate judge determines whether to recommend dismissal of a defined claim as frivolous. *See Spears*, 766 F.2d at 182.

[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

process rights were violated during his disciplinary proceedings. Plaintiff seeks compensatory damages and injunctive relief to restore his parole capabilities.

## ANALYSIS

Disciplinary restrictions that alter the conditions of confinement do not implicate due process protection unless they represent the type of atypical, significant deprivation which constitutes a liberty interest that is protected by due process. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). These will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (quoting *Sandin*, 515 U.S. at 486). Plaintiff's complaint indicates he lost 30 days of good time credit as a result of the disciplinary proceedings; thus, such a deprivation can constitute a liberty interest.

Plaintiff nevertheless is not entitled to relief. As a general matter, a Section 1983 claim that attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). The Supreme Court of the United States extended this principle to prisoners' challenges to disciplinary hearing process in 1997. *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997) (recognizing that *Heck* envisioned that the "nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment"). The Supreme Court provided a prisoner's assertion of bias and deceit on the part of the hearing officer as such a process challenge that was not cognizable. *Id.*

As in *Edwards*, the Plaintiff here both challenges the *process* of his disciplinary hearing and alleges malfeasance by the adjudicator, investigator, and witnesses that would imply the

- 3 -

invalidity of the judgment itself. Because such a process challenge is not cognizable under § 1983, the Defendants are legally immune from suit under the same law and the Plaintiff is left with a legally frivolous claim under the *Neitzke* standard.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is ORDERED that the Civil Rights Complaint by plaintiff filed pursuant to Title 42, United States Code, section 1983 be DISMISSED with prejudice until the *Heck* conditions are met.

**SO ORDERED.**

January 28, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE